IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **CHRISTOPHER DEITZ** § | |
| § | |
| **Plaintiff,** § | |
| § | **Case No.  6:20-cv-00153** |
| vs. § | |
| § | **JURY DEMANDED** |
| **PERFORMANCE FOOD GROUP, INC.** § | |
| **d/b/a PERFORMANCE FOODSERVICE -** § | |
| **TEMPLE, TX** § | |
| § | |
| § | |
| § | |
| **Defendant.** § | |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND JURY DEMAND**

Plaintiff CHRISTOPHER DEITZ ("Plaintiff") files this his Original Complaint and Jury Demand, complaining of Defendant PERFORMANCE FOOD GROUP, INC. d/b/a PERFORMANCE FOODSERVICE - TEMPLE, TX and for cause of action respectfully shows as follows:

**I. PARTIES**

1. Plaintiff CHRISTOPHER DEITZ is an individual residing in Belton, Bell County, Texas, and is a citizen of the State of Texas.

2. Defendant PERFORMANCE FOOD GROUP, INC. d/b/a PERFORMANCE FOODSERVICE - TEMPLE, TX is a Colorado corporation that maintains its principal place of business (nerve center) in Centennial, Colorado.  PERFORMANCE FOOD GROUP, INC. d/b/a PERFORMANCE FOODSERVICE - TEMPLE, TX can be served with process via its registered agent for service of process in Texas:  National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.  At times herein, it may be referred to as Performance Foodservice.

## II. JURISDICTION AND VENUE

3. This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a) because the parties are citizens of different states. Among other things, and without limitation, the amount in controversy in this case involving a plaintiff who suffered a traumatic brain injury (among other injuries) as a result of the matters set forth herein far exceeds the minimal jurisdictional threshold of $75,000, exclusive of interest and costs. Plaintiff's past medical bills alone far surpass this jurisdictional amount.

4. This Court has both general and specific personal jurisdiction over the Defendant because (without limitation) it conducts and purposefully does business in Texas and directs business toward and in Texas; it has regular and continuing contacts with Texas; has sold and/or shipped products to persons in Texas; has placed products in the stream of commerce in and to Texas; owns or leases real property in Texas; and is amenable to service in Texas.

5. Venue is proper in the Waco Division of the Western District of Texas because all or a substantial part of the events or omissions giving rise to the claims and causes of action occurred in Bell County, Texas.

## III. STATEMENT OF FACTS

6. On January 6, 2019, the brain and body and life of Chris Dietz was changed forever because he was seriously and permanently injured when he was negligently ejected from a company truck driven by a company employee with company permission at the property of Performance Foodservice in Temple, Texas. Chris was off duty at the time of the incident and at the premises with permission and by the invitation of Performance Foodservice. As was his kind nature, he was to deliver a TV he donated to Performance Foodservice for employees and others to use in the

mechanics shop. Chris brought the TV to the facility and was asked to bring it back to the shop. He did so. For one or more reasons, on-duty employees there decided that the TV was not going to be a good fit and directed another employee to dispose of the TV in a dumpster on the premises. An on-duty Performance Foodservice employee, Cory Ellard, was directed and given responsibility to dispose of the TV. Ellard had permission to use a Performance Foodservice vehicle, a Ford F150 single cab pick-up truck, to take the TV to the dumpster to dispose of it, just as he had with other trash disposed of in the course of Performance Foodservice business. Ellard had used the truck before to dispose of trash to the dumpster, and for other reasons, and had permission to get the keys and use the vehicle. Ellard put the TV inside the cab of the company truck and invited Chris to get in the back of the truck for the drive to the dumpster. Chris did so. Chris trusted that Ellard was going to operate the vehicle safely and Performance Foodservice knew and allowed people to ride in the back of trucks on premises. Unbeknownst to Chris, however, Ellard was unfit to drive the vehicle and otherwise an unfit driver and unfit employee. Among other reasons, Ellard had no driver's license, had no Texas Driver's license, his Oklahoma driver's license had expired in 2015, his Oklahoma license had been revoked or suspended more than once, he had been convicted of operating a motor vehicle with a suspended/cancelled or revoked license twice, and had a criminal history record. Performance Foodservice knew or should have known all this, and especially that Ellard had no driver's license and was otherwise an unfit driver and employee. On the way to the dumpster, Ellard operated the vehicle negligently, ejecting Chris from the back of the truck. When ejected, Chris violently struck his head on the ground, knocking him unconscious and causing a serious and permanent traumatic brain injury, among other injuries. Before the injury, Chris was a loving son, brother and friend and he was valuable, hardworking employee for Performance

Foodservice.  The injuries have devastated him and his future.  Unable to perform his job, Performance Foodservice fired him and he has suffered a massive loss of earning capacity.  The traumatic brain injury he suffered has literally touched every aspect of who he is and his life.  Chris will never be the same and will need a lifetime of care.  Because of that, he brings this action for full and fair compensation of his damages.

### IV.  CAUSES OF ACTION

#### *Negligence: Direct and Vicarious Liability*

7. The facts set out above are incorporated here by reference in full.  Pleading additionally and alternatively, if necessary, Plaintiff would show that Performance Foodservice owed Plaintiff one or more duties and has negligently breached one or more of the duties owed and the breaches were a proximate cause of damages to Plaintiff.  This included one or more acts of active negligence.  Performance Foodservice is liable to Plaintiff through both direct and vicarious liability, by acts and omissions that include those set out below.

#### *Respondent Superior Liability of Performance Foodservice*

8. One or more employees/agents of Performance Foodservice in the course and scope of employment was negligent and proximately caused damage to Plaintiff.  Vicarious liability for Plaintiff's injuries and damages attaches to Defendant Performance Foodservice through *respondent superior* including those in the following respects:

9. Plaintiff was injured by the acts or omissions of one or more persons who was an employee of Defendant Performance Foodservice at the time of the incident;

10. These persons were working in the course and scope of employment at and for Performance Foodservice at the time of the incident;

11. These persons were acting in furtherance of Defendant Performance Foodservice's business at the time of the incident;

12. The negligence of the employees/agents is a proximate cause of Plaintiff's injuries and damages.

### *Negligent Entrustment of Performance Foodservice*

13. Defendant Performance Foodservice negligently entrusted a vehicle to a reckless and/or unlicensed and/or incompetent and/or unfit driver who Defendant knew or should have known was reckless and/or unlicensed and/or incompetent and/or unfit and that driver was negligent and such negligence proximately caused injury to Plaintiff. The entrustment of a vehicle to a person who does not have a driver's license was negligence per se.

### *Direct Negligence of Performance Foodservice*

14. The conduct of Defendant Performance Foodservice constitutes negligence in many respects including but not limited to the following:

15. Defendant Performance Foodservice negligently hired, supervised, retained and/or trained employees/agents whose negligence caused damage to Plaintiff;

16. Each of the foregoing acts or omissions of Defendant Performance Foodservice singularly or in combination with others, constituted negligence, which was a proximate cause of the above-referenced occurrence and Plaintiff's injuries and damages.

### **Gross Negligence**

17. The facts and causes set out above are incorporated here by reference in full. Performance Foodservice is liable for gross negligence and exemplary damages for the acts and omissions alleged herein.

## V. Damages

18. Plaintiff sustained severe and permanent injuries as a result of the acts and/or omissions set out above, including but not limited to a severe traumatic brain injury. He seeks damages under all categories allowed by Texas law – including but not limited to damages for physical pain and suffering, mental anguish, disability, loss of earning capacity, physical impairment, physical disfigurement, and medical care and expenses – both in the past and in the future.

19. Plaintiff would show that he has been caused to incur doctor bills, hospital bills and other reasonable and necessary medical expenses in the past, and will be forced to incur such medical care and costs in the future, and seeks recovery for those damages.

## VI. Exemplary Damages

20. Defendant is liable for exemplary damages caused by gross neglect and/or gross negligence, which were a proximate cause of the injuries and the resulting damages to Plaintiff.

## VII. Interest

21. Plaintiff would show that he is entitled to recover interest for all elements of damages recovered for which the law provides for prejudgment interest. Plaintiff is also entitled to post-judgment interest at the lawful and legal rate.

## VIII. Conditions Precedent

22. All conditions precedent to Plaintiff's right to recover have occurred, have been fully performed, or have been waived by Defendant.

## IX. Jury Demand

23. Plaintiff has demanded trial by jury and have tendered the proper fee for same to the

Court's Clerk.

## X. CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Christopher Deitz requests that the Defendant be cited to appear and answer at trial, and that on final trial Plaintiff have judgment against the Defendant for actual damages, together with prejudgment and post-judgment interest as provided by law, costs of court, exemplary damages, and such other and further relief, at law or in equity, to which this Plaintiff is justly entitled and for which he now asks.

Respectfully submitted,

HOWRY BREEN & HERMAN, L.L.P.

/s/ Sean E. Breen
_____

Sean E. Breen
State Bar No. 00783715
Randy Howry
State Bar No. 10121690
Christopher Lavorato
State Bar No. 24096074
1900 Pearl Street
Austin, Texas 78705-5408
E-mail: sbreen@howrybreen.com
Phone: (512) 474-7300
Fax: (512) 474-8557

**ATTORNEYS FOR PLAINTIFF**